FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 APR 21 PM 3: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

KATHY L. JEFFERSON, as Executor of the
Estate of KATIE B. JEFFERSON, deceased,

    PLAINTIFF,

vs.   CASE NO. CV-99-J-481-S

TRANSPORT LIFE INSURANCE
COMPANY, et al.,

    DEFENDANTS.

ENTERED
APR 21 1999

## MEMORANDUM ORDER

This action is before the court on the plaintiffs' motion to remand this case to the Jefferson County Circuit Court, Bessemer Division (doc. 8). The defendant Conseco (formerly "Transport") submitted a memorandum in opposition to this motion, in which defendants National Teacher Associates, Inc. (NTA), and National Teacher Associates of Alabama, Inc. (NTAA), joined (doc. 14). This matter was taken up at the court's April 20, 1999 motion docket at which all parties were present by and through their counsel of record. The court having considered the motion, memorandum and oral argument of the parties, the court is of the opinion said motion to remand is due to be granted.

This action asserts breach of contract, bad faith failure to pay and conspiracy claims against all the defendants on behalf of the estate of an Alabama resident. The plaintiff claims that the deceased purchased an insurance policy which provided specific benefits in the event the plaintiff was diagnosed with cancer or other specific diseases. The plaintiff alleges that

15

defendant NTAA was an agent, servant, and/or employee of defendant Conseco and that such entity conspired with and/or knowingly participated with defendant Conseco and others to wrongfully deny the claims of the deceased. Defendants allege that defendant NTAA, the sole Alabama resident defendant, was improperly joined with the other defendants and, on that basis, filed a notice of removal (doc. 1) to this court alleging diversity existed, under 28 U.S.C. section 1332, amongst other grounds.

Section 28 U.S.C. section 1332 requires complete diversity between all parties and all defendants and that the controversy in question involve more than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. sections 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996).

The Eleventh Circuit has placed on the defendants the burden of showing that the plaintiff has no possible cause of action under Alabama law, based upon the allegations of the complaint. *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1562 (11th Cir. 1989) where district court found "no possibility" that plaintiffs would be able to state a colorable cause of action against the resident defendant). The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Joinder

has been deemed fraudulent in two situations. "The first is where there is no possibility that the plaintiff can prove a cause of action against the resident defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendants here seem to allege that their claim of fraudulent joinder here falls under the first category – that the plaintiff is unable to state a cause of action against defendant NTAA.

However, this court finds that under Rule 20, Federal Rules of Civil Procedure that the standard for joinder of defendants is that "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *See also* Rule 20, Alabama Rules of Civil Procedure. Furthermore, the Eleventh Circuit has stated that if there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. *Triggs*, 154 F.3d at 1287; citing *Coker* 709 F.2d at 1440-41. The court then emphasizes in *Triggs* that the plaintiff need only have only a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

The court's determination of whether a defendant has been fraudulently joined must be made upon the plaintiff's pleadings at the time of removal. *Cabalceta*, 883 F.2d at 1561, citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939).

3

This court must resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta*, 883 F.2d at 1561.

This court finds that the claims against NTAA rely on documents the deceased was provided at the time she purchased the insurance policy. Those documents, submitted as exhibits to the plaintiff's motion to remand, clearly state that NTAA is the operating entity of NTA in Alabama. The same document stating this also states "Family Insurance Protection." Exhibit A to plaintiff's motion to remand. This court finds that the plaintiff's complaint is supported by the documents provided to the deceased at the time she purchased the insurance and a letter to the plaintiff when she made a claim under the policy. Exhibit D to plaintiff's motion to remand. Furthermore, this court finds that the defendant relies on facts the decedent could not have known at that time. The evidence submitted to this court could clearly lead a reasonable person to believe that she was purchasing insurance provided by NTA and NTAA. As such, this court is unable to state that there is no possibility of a finding that an implied contract existed between the deceased and NTAA. Furthermore, the plaintiff clearly alleges that all the defendants participated jointly in the denial of claims submitted by decedent and her estate. This court finds that the plaintiff's complaint alleges sufficient allegations that a possibility of stating a valid claim against this defendant exists. Therefore, complete diversity between the parties is lacking and as such, this court is without jurisdiction.

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs' motion

to remand. It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Jefferson County, Bessemer Division, from whence it was removed.

**DONE** and **ORDERED** this the ___21___ day of April, 1999.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE